IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MYRON S. LEVIN,

Plaintiff,

v.                                                  Civil Action No. PX 15-1880

UNITED STATES OF AMERICA,

Defendant.

\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

Pending in this federal income tax refund suit is Plaintiff Myron S. Levin's ("Levin") Motion to Alter/Amend Judgment under Federal Rule of Civil Procedure 59(e). ECF No. 33. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Levin's motion is DENIED.

**I.    Background**

In 1994, Plaintiff Myron S. Levin ("Levin") was a limited partner in the Maryland limited partnership, PCC Holdings Limited Partnership ("PCCH"). ECF No. 1 at 2. PCCH had only one other limited partner, Levin's brother, Lawrence Levin.

PCCH itself was a limited partner of another partnership entitled Presidential Corporate Center Associates, L.P. ("Presidential"). ECF No. 1 at 2. Presidential's only other partner was a company named THREA Associates, LP (THREA). Presidential was in the business of developing real property located in Prince George's County, Maryland. ECF No. 23 at 1.

After an economic downturn in the real estate market, Levin was "no longer financially able to participate" in PCCH. ECF No. 23 at 2. As a result, in May 1994, PCCH agreed to

1

exchange its entire interest in Presidential to THREA, and THREA agreed to assume the entirety of PCCH's share of Presidential's liabilities (the "Transaction"). ECF No. 23 at 2. As part of the abandonment of this partnership interest, Levin was discharged from some unspecified "personal guarantees." ECF No. 25-6 at 4. THREA did not provide PCCH or Levin any cash or other assets in exchange for this transaction. ECF No. 23 at 2.

Levin filed a joint federal income tax return for the tax year 1994 with the Internal Revenue Service ("IRS"). ECF No. 23 at 2. In his tax return, Levin reported no tax liability specifically attributable to "his exchange of his partnership interest in PCC Holdings." ECF No. 23 at 2. Levin reported a net operating loss of $5,359,579 on his tax return. ECF No. 23 at 2. PCCH's return noted that Levin made a "capital contribution" to the partnership of $3,330,338. ECF No. 23 at 2. PCCH further indicated on its tax return that Levin had a negative capital account balance of $3,330,338 *prior* to the PCCH transfer of its interest in Presidential to THREA. ECF No. 23 at 2–3. After the Transaction, Levin's capital account balance in PCCH equaled zero. *Id.*

In 1998, the IRS conducted a partnership audit of PCCH pursuant to the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. §§ 6221 *et seq.*("TEFRA"). ECF No. 23 at 3. Levin's brother served as the Tax Management Partner (TMP) of PCCH for the audit. ECF No. 23 at 3; ECF No. 25–6 at 11. The IRS and the TMP subsequently reached a settlement wherein the TMP agreed that PCCH erred in treating the Transaction as a cancellation of indebtedness rather than a capital gain "equivalent to each partner's negative account balance as of December 31, 1994." ECF No. 23 at ¶¶ 19–21.

On or about January 20, 1998, the IRS issued a Form 886-A Explanation of Items to the partnership which stated that PCCH should have reported the sale of its partnership interest in

2

Presidential as a "gain," and not as a "capital contribution" from both of its partners on its 1994 partnership tax return. ECF No. 23 at ¶¶ 16–21; *see also* Explanation of Items, ECF No. 234 at 2. On August 25, 2000, the IRS assessed a $916,065 federal income tax against Levin as a result of the audit, reasoning that Levin had realized a gain from PCCH's sale of its interest to Presidential. ECF No. 23 at ¶ 24. The IRS did not issue a Statutory Notice of Deficiency. *Id.*

Between 2012 and 2014, Levin paid a total of $2,585,056.80 to the United States for the tax debt he owed for the 1994 income tax year. ECF No. 23 at 4. On March 21, 2014, Levin filed a Form 1040X claim with the IRS seeking a refund of the federal income tax and interest he paid for the tax year 1994. *Id*. On June 10, 2014, the IRS confirmed the filing but disallowed Levin's claim. *Id*.

On June 25, 2015, Levin filed this suit against the United States, asserting that the IRS's characterization of the income from the 1994 transaction was erroneous. ECF No. 1. Had the transaction been properly characterized, Levin argued, the IRS would have been required to issue an "affected items statutory notice of deficiency" and determine Levin's solvency during the subject year on the partner-level because the judicially created "insolvency exception" allows an insolvent taxpayer to avoid recognizing a discharge of debt as income. ECF No. 25–6 at 4–5, 7, 13; *see also* ECF No. 25-1 at 7. Levin contends that because he was given no such notice, he could challenge the IRS determination, ECF No. 25–6 at 13. Levin consequently sought reimbursement of the federal income tax he paid for the 1994 tax year in the amount of $2,585,056.00 and pre- and post-judgment statutory interests from the initial date from which he first paid that amount. ECF No. 1 at 5.

On February 10, 2017, the United States moved to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, or alternatively for summary judgment pursuant

3

to Rule 56.  The United States argued that this Court lacked subject matter jurisdiction under 26 U.S.C. § 7422(h) to revisit the characterization of income as to PCCH because it was a partnership level determination and a product of the IRS' settlement with the TMP.  ECF No. 52 at 19.

In response, Levin filed a cross-motion for summary judgment on March 4, 2017.  ECF No. 25.  Levin acknowledged that his brother, acting as TMP for PCCH, settled with the IRS, and that settlement characterized the Transaction as capital gain.  ECF No. 23 at ¶¶19–21; *see also* ECF No. 30 at 5–8.  Levin nonetheless asserted that because he did not participate in this audit, he is not bound by its findings, ECF No. 23 at 3; *see also* ECF No. 30 at 5–8.  Levin also contended that his brother "did not adequately communicate to [him] the particulars of the case and reached a settlement of it in a fashion that benefitted [Levin's brother] most."  ECF No. 24–5 at 10.  Neither Levin nor the United States produced a copy of the settlement agreement.  *See* ECF No. 24-1 at 13.

The Court issued its Memorandum Opinion and Order on September 13, 2017, granting the United States' motion to dismiss for lack of subject matter jurisdiction.  *See* ECF Nos. 31 & 32.  The Court found that as a matter of law, the disputed income was a partnership item, *not* an affected item as Levin argued, and the settlement agreement bound Levin to the treatment determined by the IRS in the partnership-level proceeding.  *See* ECF No. 31 at 10–12; *see also* 26 U.S.C. § 7442(h).  Levin then timely moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) on October 11, *see* ECF No. 33, which the United States opposed, ECF No. 34.

## II. Standard of Review

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts recognize three limited grounds for granting reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

## III. Analysis

Levin argues that the Court must grant his motion to alter or amend the judgment because of (1) newly discovered evidence, in the form of the IRS' revised TEFRA partnership audit manual, and (2) the Court's initial opinion rests on clear errors and, if allowed to stand, will result in manifest injustice. *See* ECF No. 33-1 at 4–6. The Court addresses each in turn.

5

**A. Newly Discovered Evidence**

Levin contends that a copy of "Internal Revenue Manual § 4.31.2.2.15, TEFRA Examinations – Field Office Procedures," which was revised on April 20, 2017, constitutes newly discovered evidence compelling reconsideration. Levin more particularly points to the following passage in the Manual which, according to Levin, dictates an outcome in his favor:

> Other affected items are subject to deficiency proceedings.  Either a 30-day or 90-day letter will be issued to allow facts to be developed at the partner level.  For example whether or not a partnership has cancellation of debt income is a partnership item.  Once that is determined, the partner's income will be adjusted for their share of the cancellation of debt income via a 30/90 day letter.  This will allow the partner to raise any facts which would allow them to exclude this income under IRC 108, for example, because they are insolvent.

*See* 33-4.

As an initial matter, it is not clear how a 2017 revision to the IRS' Manual, which does not and cannot confer rights to taxpayers, *see Johnson v. United States*, 861 F. Supp. 2d 609, 618 (D. Md. 2012), *aff'd* 734 F.3d 352 (4th Cir. 2013); *see also Groder v. United States*, 816 F.2d 139, 142 (4th Cir. 1987), is legally significant in interpreting the IRS' *1994* classification of a transaction during a partnership audit.  Further, as the plain language of this Manual makes clear, it concerns "Affected Items Requiring Key Case and Investor Level Determinations." *See* 33-4. Paragraph six of this document then cites by example the process to determine a partner's share of a partnership's *cancellation of debt* income.  *Id.* at ¶ 6.  This dispute, however, centrally concerned the IRS' *partnership level* determination that PCCH's income from the sale of its partnership interest was a long-term capital gain. *See* Form 886-A Explanation of Items, ECF No. 23-4 at 2–3; ECF No. 23 at 2 (The IRS's Explanation of Items issued to PCC Holdings stated that "each partner's share of the long-term capital gain is equivalent to each partner's negative capital account balance as of December 31, 1994.").

At its core, Levin's claimed "newly discovered evidence" is yet another attempt to attack the IRS' 1994 determinations at the partnership level by reframing the flow-through income to Levin as an "affected item." *See generally* ECF No. 33-1.  The Court has already considered and rejected this argument.  *See* ECF No. 31 at 11–12; *see also Bassing v. United States*, 563 F.3d 1280, 1283 (Fed. Cir. 2009). This 2017 Manual does not compel reconsideration.

### B. Clear Error

Similarly, Levin's clear-error arguments are again an attempt to re-litigate issues that were fully aired and decided. As he did in his initial pleadings, Levin focuses on whether the flow-through income from the PCCH transaction should have been classified as an "affected item."  *See* ECF No. 33.  These arguments were raised, considered, and rejected by the Court in its previous Memorandum Opinion.  *See generally* ECF No. 31; *compare* ECF Nos. 25-1 at 11–15 & 30 at 2–5, 11 *with* 33-1.  Accordingly, the Court need not revisit its judgment, and Levin's motion is DENIED.

### IV.   Conclusion

For the foregoing reasons, it is this 7th day of June, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Plaintiff MYRON S. LEVIN's motion to alter or amend the judgment, ECF No. 33, is DENIED.

2. The Clerk shall transmit this Memorandum Opinion and Order to the parties.

| | |
|---|---|
| 6/7/18 | /s/ |
| Date | Paula Xinis<br>United States District Judge |

7